Robert Yaquinto, Jr.
State Bar No. 22115750
Nicholas Gurguis
State Bar No. 24106036
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498
214/942-5502 Fax: 214/946-7601
ATTORNEYS FOR TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **BUCA TEXAS RESTAURANTS, L.P. et al** | § § § § | CASE NO. 24-80058-SGJ-7 |
| DEBTOR | § | |

### TRUSTEE'S RESPONSE TO MOTION OF CREDITOR LISA D. SNYDER AND FREDRICK T. SNYDER FOR RELIEF FROM STAY AS TO PENDING LITIGATION AGAINST BUCA, INC.

TO THE HONORABLE STACEY G. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

Robert Yaquinto, Jr., the Chapter 7 Trustee ("Trustee") in the above styled case files his Response to Motion of Lisa D. Snyder and Fredrick T. Snyder for Relief from Stay as to Pending Litigation against Buca, Inc. ("the Motion").

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §362 and 28 USC §157. This is a core proceeding.

2. Venue is proper before this court pursuant to 28 U.S.C. §1408 because this case and affiliated cases are filed in this court and Debtors had and have operations in this district.

1

## Background

3. The Motion identifies Buca, Inc. as the defendant. Trustee has reviewed the Docket for the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, Cause No. 2:23-cv-01308-RJC, where the litigation is pending. Buca, Inc. has been removed as a defendant and the only remaining defendant in the litigation is Buca Restaurants, Inc.

4. The First Amended Complaint describes injuries suffered by Lisa Snyder and loss of consortium by Frederick Snyder.

5. Debtor maintains a general liability policy with Zurich American Insurance Company to cover events described in the pending litigation.

6. The Debtor's policy appears to have a $350,000 Self-Insurance Retention provision.

## Response to Requested Relief

7. Lisa Snyder and Fredrick Snyder seek relief from the automatic stay to pursue their claims and look only to the insurance coverage for any recovery. Generally, Trustee would support this proposal so long as Movants would look only to the insurance coverage for recovery.

8. In this case, if that is a possibility, Trustee agrees to the Motion. However, if there is a requirement that the estate pay the Self-Insured Retention Payment, there are no funds in these jointly administered bankruptcy cases to pay any Self-Insured Retention Payment. The requirement to do so would be impossible and impose an undue hardship on the debtor. This secondary impact, the burden imposed on the bankruptcy estate, supports denial of the Motion. *Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51* (5th Cir. 1993).

## **Prayer**

Trustee prays that:

- This court deny the relief requested in the Motion;

- This court grant such other and further relief to which Trustee shows himself entitled

Respectfully submitted,

SHERMAN & YAQUINTO, L.L.P.

   /s/ Robert Yaquinto, Jr.
Robert Yaquinto, Jr.
State Bar No. 22115750
Nicholas Gurguis
State Bar. No. 24106036
509 N. Montclair Avenue
Dallas, TX 75208-5498
214/942-5502 Fax: 214/946-7601
ATTORNEYS FOR CHAPTER 7 TRUSTEE

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing **TRUSTEE'S RESPONSE TO MOTION OF CREDITOR LISA D. SNYDER AND FREDRICK T. SNYDER FOR RELIEF FROM STAY AS TO PENDING LITIGATION AGAINST BUCA, INC.** first class mail to Michael E. Metro, Villanova Law Offices, P.C., 16 Chatham St. Pittsburgh, PA 15219 and by electronic transmission to the U.S. Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, and all parties receiving filings by the Court's ECF system, on this  10th  day of July, 2025.

   /s/ Robert Yaquinto, Jr.
**Robert Yaquinto, Jr.**

3