Robert Yaquinto, Jr.
State Bar No. 22115750
Nicholas Gurguis
State Bar No. 24106036
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498
214/942-5502 Fax: 214/946-7601
ATTORNEYS FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| BUCA TEXAS RESTAURANTS, L.P., *et al.*,[1] | § § § | Case No. 24-80058 (SGJ) |
| Debtors. | § § § § | (Jointly Administered) |

**TRUSTEE'S MOTION TO SELL PROPERTY OF ESTATE**
**FREE AND CLEAR OF LIENS AND ENCUMBRANCES**

ANY PARTY WISHING TO RESPOND TO THIS PLEADING MUST FILE THE RESPONSE WITH THE U.S. BANKRUPTCY CLERK, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242, AND SERVE A COPY ON THE TRUSTEE AT 509 N. MONTCLAIR AVENUE, DALLAS, TX 75208, WITHIN 21 DAYS OF THE SERVICE OF THIS PLEADING.  IF A RESPONSE IS FILED AND SERVED TIMELY, A HEARING ON THE RESPONSE WILL BE SCHEDULED WITH A NOTICE TO THE RESPONDING PARTY ONLY.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtors' federal tax identification number are as follows: BUCA Texas Restaurants, L.P. (3262); BUCA Texas Beverage, Inc. (3995); BUCA C, LLC (8220); BUCA Sales & Marketing, LLC (4258); BUCA Investments, Inc. (5575); BUCA Restaurants, Inc. (9725); BUCA Restaurants 2, Inc. (2187); BUCA (Celebration), LLC (3412); BUCA (Ex), LLC (3092); BUCA (Minneapolis), Inc. (2474). The Debtors' principal offices are located at 4700 Millenia Boulevard, Suite 400, Orlando, Florida 32839.

**IF NO RESPONSE IS FILED AND TIMELY SERVED ON THE TRUSTEE, THE COURT MAY DEEM THE RELIEF REQUESTED UNOPPOSED AND MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT FURTHER NOTICE TO ANY PARTY.**

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY COURT:

Robert Yaquinto, Jr., Trustee, files this Trustee's Motion to Sell Property of the Estate Free and Clear of Liens and Encumbrances (the "Motion") with any liens and encumbrances to attach to the proceeds of sale and in support, respectfully shows the Court the following:

1. This case was commenced as a Chapter 11 on August 5, 2024, and converted to a Chapter 7 on February 11, 2025, and Robert Yaquinto, Jr. was appointed trustee.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; 28 U.S.C. § 1334; and 11 U.S.C. § 363. This is a core proceeding.

3. The assets of the estate include but are not limited to a liquor permit located in Livonia, Michigan, Wayne County, commonly known as a Class C Liquor License No. 106386 under Business Id. No. 138948 and attendant permits (the "Liquor License").

4. Trustee desires to enter into the Liquor License Purchase Agreement with Birdie Mae's Brunch Bar LLC ("Purchaser") attached hereto as Exhibit A (the "Purchase Agreement"), pursuant to which the Trustee will sell the Liquor License to Purchaser for the purchase price of $65,000, payable as follows:

    a. $5,000 to be deposited in escrow with Sherman & Yaquinto, L.L.P. and paid in accordance with the Purchase Agreement; and

    b. $60,000 payable to the Trustee at Closing (as defined herein).

5. The sale of the Liquor License requires, and is contingent upon, the approvals of

the Michigan Liquor Control Commission and the City of Detroit, which are expected to be obtained by the Purchaser within 180 days of the date of the Purchase Agreement. The closing of the purchase and sale of the Liquor License is anticipated to take place within fourteen (14) days after Purchaser secures those approvals (the "Closing").

6. At Closing, $5,000 of the sales proceeds received by the estate shall be paid Brokers Network USA, Inc., the Trustee's broker, for the compensation due to it under the Exclusive Listing Agreement entered into with the Trustee and approved by the Court in its Order Authorizing Employment of Liquor License Broker.

7. The Trustee believes the sale of the property is in the best interest of the estate.

8. The Trustee requests that the Court authorize him to enter into the Purchase Agreement and sell the Liquor License to Purchaser free and clear of liens and encumbrances in accordance with the terms thereof.

9. The Trustee further requests that this Court waive the fourteen (14) day stay pursuant to Rule 6004(h) and authorize the sale effective immediately upon entry by the clerk.

**WHEREFORE**, Robert Yaquinto, Jr., Trustee, seeks an order from the Court granting the Motion and authorizing:

- The sale of the Liquor License free and clear of liens and encumbrances, with any liens or encumbrances to attach to the proceeds of the sale;

- The approval of the sale to be effective immediately upon entry of the order by the clerk with consummation of the sale to occur upon approval by the Michigan Liquor Control Commission in accordance with the terms of the Purchase Agreement;

- The use of the gross sales price in calculating Trustee's commission; and

- Any other relief the Court may deem appropriate.

Respectfully submitted,

    /s/ Robert Yaquinto, Jr.
**Robert Yaquinto, Jr.**
State Bar No. 22115750
**Nicholas Gurguis**
State Bar No. 24106036
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498
214/942-5502    Fax: 214/946-7601
rob@syllp.com
nick@syllp.com
ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the ***Trustee's Motion to Sell Property of Estate Free and Clear of Liens and Encumbrances*** has been forwarded by electronic transmission to the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242 and to all interested parties receiving filings by electronic transmission on Friday, November 14, 2025

    /s/ Robert Yaquinto, Jr.
**Robert Yaquinto, Jr.**

Exhibit A

Liquor License Purchase Agreement

## LIQUOR LICENSE PURCHASE AGREEMENT

THIS LIQUOR LICENSE PURCHASE AGREEMENT is entered into this 12th day of ~~October~~, 2025 ("Effective Date") by and between **ROBERT YAQUINTO, JR., solely in his capacity as Chapter 7 bankruptcy trustee of BUCA RESTAURANTS, INC.**, a Minnesota corporation ("Seller") and **BIRDIE MAE'S BRUNCH BAR, LLC,** a Michigan limited liability company ("Buyer") (collectively, the "Parties").

[margin note: Rq/ November]

WHEREAS, the Seller is the Trustee of Buca Restaurants, Inc. and holds in trust a Class C liquor license no. 106386 under Business Id. No. 138948, and attendant permits (hereafter collectively referred to as the "Liquor License") issued by the Michigan Liquor Control Commission ("MLCC") for use at 38888 6 Mile Road, Livonia, Michigan 48152-2605 (Wayne County); and

WHEREAS, the Liquor License is held by a Trustee who was appointed pursuant to an Order Appointing Trustee in the United States Bankruptcy Court, Northern District of Texas, Dallas Division (the "Court"), Case Number 24-80063-SGJ-7 (the "Action"). The Seller shall seek the Court's approval of this Purchase Agreement as it relates to the sale of the Liquor License ("Approval"). The sale is subject to the Court's Approval and also subject to any overbids made by third parties prior or during the Court's hearing on the sale.

WHEREAS, the Seller desires to sell the Liquor License to the Buyer.

WHEREAS, the Buyer desires to purchase the Liquor License for use at its bar and restaurant at 1301 McNichols, Detroit, MI 48235 (Wayne County);

NOW, THEREFORE, in consideration of the covenants and agreements contained herein, the Parties agree as follows:

1. **Sale of Liquor License**. Seller agrees to sell to Buyer and Buyer agrees to purchase the Liquor License, free and clear of any liens, encumbrances, restrictions, obligations and claims of any nature whatsoever, subject only to the conditions and contingencies set forth herein. The Parties shall execute and deliver each to the other, any legal instrument, application or document of whatsoever nature or kind as may be necessary to effect and consummate this transaction.

2. **Payment of Purchase Price**. It is agreed that Buyer shall pay to Seller, in consideration hereof, the sum of Sixty-Five Thousand and No/100ths Dollars ($65,000.00) (the "Purchase Price"), as follows:

    A. **Deposit**. At the time of the execution of this Agreement, Buyer shall deposit the sum of Five Thousand and No/100ths Dollars ($5,000.00) ("Deposit") with Seller.

    B. **Balance**. At the time of the closing of this transaction, an additional Sixty Thousand and No/100ths Dollars ($60,000.00) shall be paid to the Seller by check, wire transfer or other immediately available funds.

    C. **Brokers.** Seller represents and warrants that they have been represented by a broker, Network USA, Inc., in connection with the sale of the Liquor License and Seller shall pay Network USA, Inc. pursuant to a separate agreement. Buyer represents and warrants that they have been represented by a Broker in connection with the purchase of the Liquor License and shall pay Broker a fee pursuant to a

Liquor License Purchase Agreement
*Buca Restaurants, Inc. to Birdie Mae's Brunch Bar, LLC*
Page 2 of 6

    separate agreement. Seller and Buyer shall hold each other harmless against any fees or commissions owed by their respective Brokers.

3.  **Inventory**. There is no inventory included in this Agreement.

4.  **Closing Contingencies**. The Parties' performance on this Agreement is contingent upon the occurrence of each of the following conditions precedent (the "**Closing Contingencies**"). Should any one of the following fail to occur, then the same shall constitute an automatic termination of this Agreement, neither party shall have any further obligation:

    A.  Buyer's receipt of written approval from the MLCC and the City of Detroit for transfer of ownership of the Liquor License to the Buyer (the "Governmental Approvals").

    B.  Approval by the Court in the Action of the sale and transfer of the Liquor License under a final, non-appealable order declaring that the sale of the Liquor License is clear of any liens and encumbrances.

5.  **Closing.** The sale and transfer shall be consummated within fourteen (14) days after the satisfaction or waiver of all contingencies set forth in paragraph 4 hereof, at a time and place determined by the Parties ("Closing Date"). The Parties agree that, except as specifically set forth herein, the consummation of the transfer and sale of the Liquor License shall take place no later than one hundred eighty (180) days after the effective date of this Agreement.

    In the event that the Liquor License has not finally transferred prior to the next succeeding MLCC renewal deadline, the Seller shall cooperate with Buyer to facilitate renewal of the Liquor License by timely forwarding the executed MLCC renewal form to Buyer's counsel for processing before the April 30 renewal deadline for the 2026-2027 licensing year. Any renewal fee either paid either by the Seller or advanced by the Buyer in respect of the renewal shall be reimbursed or paid by the other party on the Closing Date on a pro rata basis.

    If, through no fault of either party, the Closing Contingencies have not been satisfied or waived by the Parties and the sale is not consummated on or before the Closing Date, either party may terminate this Agreement by written notice delivered to the other party, as applicable, in which event the Seller shall return the Deposit to the Buyer, and neither party shall have any further obligation, including the right to seek specific performance. Notwithstanding the foregoing sentence or any other provision of this Agreement, if the failure to satisfy the Closing Contingencies is a result of the Buyer's failure to use best efforts to obtain approval for the transfer for the Liquor License, the Seller shall be entitled to retain the Deposit.

6.  **Termination Upon Failure of Contingencies**. In the event that any of the Closing Contingencies are not satisfied by the Closing Date, for any reason other than the breach by Buyer or Seller of the express terms of this Agreement and subject to paragraph 5, after the Parties have complied with all of the terms and provisions provided herein, then this Agreement shall become null and void and neither Party shall have no further liability or obligation to the other Party.

Liquor License Purchase Agreement
*Buca Restaurants, Inc. to Birdie Mae's Brunch Bar, LLC*
Page 3 of 6

The Buyer and the Seller agree that the Deposit represents the amount of damage it would suffer if either Party shall default under this agreement.

7. **Conveyance of Clear Title.** Seller will seek entry of an order in the Action which provides that all taxes and assessments of every nature and kind, and all obligations, debts or claims which have been or may become a lien upon the Liquor License or which arise during or by virtue of Seller's ownership thereof, shall be transferred to the proceeds of sale of the Liquor License.

8. **Representations, Warranties, and Covenants of Seller.** Seller represents and warrants to Buyer and covenants with the Buyer as follows:

    A. **Marketable Title.** That Seller is the sole owner of, and has good marketable title to, and authority to sell and transfer the Liquor License, subject to Court Approval, and that there are no transfer applications or other transactions pending with anyone concerning the transfer of, or ownership of, the Liquor License.

    B. **Liens.** That no judgments, liens, or security interests will be outstanding at the time of the closing against Seller which would affect Seller's title to, or Seller's ability to transfer, such Liquor License to Buyer.

    C. **Taxes.** All taxes and assessments of every nature and kind, which have been or may become a lien upon the Liquor License or which arise during, or by virtue of, Seller's ownership thereof, shall be transferred by Seller to the proceeds of sale prior to the Closing Date. There shall be no outstanding taxes due at the Closing Date that could result in successor liability under MCL 205.27a.

    D. **Covenant.** Seller shall seek entry of a Court order providing for the sale of the Liquor License by the Court free and clear of all liens and encumbrances.

    E. **Further Assurances.** Seller agrees to fulfill any directives or requirements from the MLCC and the City of Detroit to expedite the transfer of the Liquor License.

9. **Representations, Warranties, and Covenants of Buyer.** Buyer represents and warrants to and covenants with Seller as follows:

    A. **Qualification.** Buyer acknowledges that there are requirements of the City of Detroit and the MLCC associated with the transfer of the Liquor License from Seller to Buyer. With respect to this transfer, Buyer and Buyer's members or shareholders, at their sole expense, will use their best efforts to secure the approval of the sale of the License by the City of Detroit and the MLCC for the transfer of the Liquor License.

    B. **Authorization.** This Agreement has been duly and validly authorized by any and all necessary actions of Buyer and, upon due execution and delivery, will constitute a valid and binding agreement of Buyer.

    C. **No Violation.** The execution, delivery, and performance of this Agreement by the Buyer will not violate any material requirement of law or any material contractual obligations of the Buyer.

**Liquor License Purchase Agreement**
*Buca Restaurants, Inc. to Birdie Mae's Brunch Bar, LLC*
Page 4 of 6

    D.    The Buyer shall apply to the MLCC and the City of Detroit for the transfer of Seller's interest in the Liquor License to Buyer within Fourteen (14) days after full execution of this Agreement, and both parties shall diligently and expeditiously proceed with whatever steps shall be necessary to obtain the approval for the transfer.

    E.    **Further Assurances.** Buyer agrees to fulfill any directives or requirements from the MLCC and the City of Detroit to expedite the transfer of the Liquor License.

    F.    **Transfer Fees.** Buyer shall pay all fees required in connection with the transfer of the Liquor License, including but not limited to, inspection fees, fees for other permits (such as, by way of example and not by way of limitation, Sunday sales permits) and any other fees for any permits included in the Liquor License.

10.    **Default and Remedy.**

    A.    **Seller Default.** In the event that Seller defaults on any of its obligations under this Agreement, and Seller fails to cure such default within ten (10) days of written notice thereof, Buyer shall have the option to either (1) waive such default and proceed to closing; or (2) terminate this Agreement, in which event the Deposit shall be returned to Buyer as his sole remedy.

    B.    **Buyer Default.** In the event that Buyer defaults on any of its obligations under this Agreement, and Buyer fails to cure such default within ten (10) days of written notice thereof, Seller shall have the option to either: (1) waive such default and proceed to closing; or (2) terminate this Agreement, in which event the Deposit shall be released to Seller as liquidated damages as his sole remedy.

11.    **Miscellaneous.**

    A.    **Notice.** All notices, requests, demands and other communications hereunder shall be in writing and shall be deemed to be duly given if delivered or mailed first class, postage prepaid to the following addresses until notification of a different address:

        (1)    **To the Seller:**

        Robert Yaquinto, Jr.
        Chapter 7 Trustee, Buca Restaurants, Inc.
        SHERMAN & YAQUINTO, L.L.P.
        509 N. Montclair Avenue
        Dallas, Texas 75208-5498

        (2)    **To the Buyer:**

        Cierra McFarlin
        1301 McNichols
        Detroit, MI 48235

    B.    **Assignment.** This Agreement shall not be assigned without the prior written consent of both Parties.

**Liquor License Purchase Agreement**
*Buca Restaurants, Inc. to Birdie Mae's Brunch Bar, LLC*
Page 5 of 6

C. **Survival**. The covenants, representations and warranties of all Parties set forth herein will be effective on the date hereof, on the Closing Date, and shall survive closing.

D. **Pronouns**. The pronouns and relative words herein used are written in the singular only. If more than one Buyer and/or Seller join in the execution hereof, such pronouns and words shall be read as if written in plural.

E. **Governing Law**. This Agreement shall be governed and construed with the laws of the State of Michigan. Any lawsuit or other dispute arising out of this Agreement shall be brought before the Court in the Action, and each Party irrevocably consents to the jurisdiction of the Court and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have either to the laying of the venue of any such lawsuit or other dispute in the Court or that any such lawsuit or other dispute which is brought in the Court has been brought in an inconvenient forum.

F. **Merger and Amendment**. This Agreement is and shall be deemed the complete and final expression of the agreement between the Parties as to matters herein contained and relative thereto and supersedes all previous agreement between the Parties pertaining to such matters. It is clearly understood that no promise or representation not contained herein was an inducement to either party or was relied on by either party in entering into this Agreement. This Agreement cannot be amended, altered, or any of the provisions waived on behalf of either party, except in writing by a duly authorized agent of either party.

G. **Waiver of Performance**. Any failure of either party to insist upon strict compliance with any provisions of this Agreement shall not constitute a waiver thereof and all provisions herein shall remain in full force and effect.

H. **Headings**. The paragraph headings used in this Agreement are included solely for convenience and shall not affect or be used in connection with the interpretation of this Agreement.

I. **Severability**. If any part of this Agreement is held to be invalid or unenforceable under any law, the remaining provisions shall be enforceable to the maximum extent permitted by law; provided that the remaining provisions effectuate fully the intent of the Parties as manifested herein.

J. **Counterparts and Electronically Transmitted Signatures**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. For purposes of this Agreement, an electronically transmitted signature shall be deemed the same as an original.

**IN WITNESS WHEREOF**, the Parties have entered into this Liquor License Purchase Agreement to be effective as of the date first set forth above.

**SELLER:**
Buca Restaurants, Inc.

By: _/s/ Robert Yaquinto Jr._
Name: Robert Yaquinto Jr.
Its: Chapter 7 Trustee

**BUYER:**
Birdie Mae's Brunch Bar, LLC

By: _/s/ Cierra McFarlin_ (DocuSigned: B717D697551C401...)
Name: Cierra McFarlin
Its: Member